MOORE *v.* THE WESTERN UNION TELEGRAPH COMPANY.

A transient visitor to a town or city who furnishes to the company no definite address, is not a person residing in the same or within one mile of the station, in contemplation of the act of 1887 subjecting telegraph companies to a forfeiture for failing to deliver dispatches to residents.

July 13, 1891.

Telegraph messages.   Penalties.   Before Judge MILLER.   Crawford superior court.   October term, 1890.

Moore sued the telegraph company for $100 damages for failure to deliver to him at Knoxville, Crawford county, Georgia, where he was temporarily, a message sent to him from Macon, Georgia. By another count he alleged that he had been damaged $125 by such failure to deliver, by being deprived of certain business. Upon the trial he introduced the telegraphic dispatch. It was admitted that it was delivered to defendant at its office in Macon at eleven o'clock A. M. on June 3, 1889, and that the charges for sending it to Knoxville were prepaid by the sender. The plaintiff came to Knoxville from Macon on the day before the message was sent; he saw the telegraph operator at the telegraph office and told him that if any message should come for him, to send it over to Knoxville; he remained

in Knoxville until about sunset of the evening of June 3d, then went into the country and returned on the evening of the 4th and went back to his home in Macon, on the railroad; he stayed on and around the court-house square the most of the time while in Knoxville; he spent the night of the 3d at a Mr. Wright's; everybody in Knoxville knew him and he could easily have been found; the telegram has never been delivered to him; the telegraph office is within less than one mile of Knoxville and of Wright's house; the telegraph operator told Wright he received the message about two o'clock on June 3d, and being busy, gave it to one Harris to carry to Knoxville to Moore.

A nonsuit was granted, and the plaintiff excepted.

W. S. Wallace, L. D. Moore and Hardeman, Davis & Turner, by brief, for plaintiff.

Gustin, Guerry & Hall, for defendant.

Simmons, Justice.

The facts will be found in the official report. Under these facts the grant of a nonsuit was right. By the express terms of the statute (Acts 1887, p. 112), the penalty is imposed upon these companies for failure to deliver messages to persons to whom they are addressed, who at the time reside within one mile of the telegraph office or within the town or city in which the office is. The act is clearly intended to apply to only a part of the public, and it imposes this duty on the company, under this penalty, when it is dealing with that class which come within the strict letter of the act. The act is a penal one and must be strictly construed; any other construction placed upon it would work great hardship upon the telegraph companies. It would subject them to this penalty in many cases where from the very nature of things it would be impossible for them to avoid the penalty. The legislature evidently designed to

limit the operation of the law to that class of persons who come within the proviso to the second section of the act. Moore was residing in the city of Macon, and was merely a transient visitor to the town of Knoxville; and although he requested the telegraph operator at the station near Knoxville to send him any message that might-be received for him there, he gave no definite address. If after notifying the operator that he would be in Knoxville and to send the messages to him there, he had given him a definite address, such as a given street and number or the name of the owner of a particular house where the message should be delivered, perhaps he would have come within the spirit of the law, if not the letter of it. But it would be unreasonable to hold telegraph companies bound to deliver messages to strangers in a town or-city when they have no means of knowing the place at which the message can be received. If the person to whom the message is sent resides in a town or city or within one mile of the station, then it is the duty of the telegraph company to ascertain where he resides; but if he is a transient visitor or a stranger, with no fixed abode, it might be impracticable for the company or its agents to ascertain the place where the message could be delivered.

The action was also for damages in the loss of certain business by the non-delivery of the dispatch. There was no proof submitted to the court and jury upon this question, and the court did not err in granting a nonsuit upon both counts in the declaration.

*Judgment affirmed.*