THE WESTERN UNION TELEGRAPH COMPANY *v.* TIMMONS.

| 93 | 345 |
| 93 | 352 |
| 93 | 345 |
| 96 | 757 |

1. A non-resident of a city does not make himself a resident within the meaning of the proviso to the second section of the act of October 22d, 1887, touching the duties of telegraph companies, by giving to the company an address within the city at which he can be found temporarily.
2. The second section of the act deals exclusively with the duty of delivery to residents of cities and towns, and to persons residing

within a limit of one mile from the telegraph office. The duty of delivery to other persons is not embraced in that section, but in the general requirement set forth in the first section; and as to non-residents the question whether due diligence in making delivery requires the company to go outside of its office to deliver at a designated place within a city or town, is one of fact for the determination of a jury on the circumstances of each case, including any right and reasonable usage of the company in dealing with messages of this kind. If the company, in the conduct of its business, delivers outside of its office to one customer, it must to another under like circumstances and conditions. The court erred in not granting a new trial.

October 30, 1893.

Action for penalty.    Before Judge WESTMORELAND. City court of Atlanta.  May term, 1893.

Timmons obtained a verdict against the telegraph company for the statutory penalty for failure to deliver a prepaid message dated February 3, 1891, with impartiality, good faith and due diligence.   The company excepted to the overruling of its motions for nonsuit and new trial.   The evidence showed as follows:

Plaintiff, who resided in Augusta, had left his address at defendant's office in Atlanta, as he was expecting the message on February 3, 1891.   He told the operator in defendant's office to send it to the union depot in Atlanta, where plaintiff was from about five to eleven o'clock P. M., except about an hour and a half when he went to supper.   During this hour and a half he left a gentleman in both the gentlemen's and ladies' saloons to watch for the message and receipt for it in his name. Receiving none up to eleven o'clock, he went to defendant's office and received the message in question. He asked the operator who handed it to him, why it had not been delivered before.   The operator simply seemed confused, and gave no special reason; called up some one else and made some inquiry, but gave plaintiff no satisfaction.   It was not claimed by him or any one in the office at the time, that the message had been sent

to the depot as directed by plaintiff, or that any effort had been made to deliver it to him. It was received by defendant at 5.30 P. M.

The motion for a new trial alleged, beside the general grounds, that the court erred in receiving plaintiff's testimony that he had left his address at its office in Atlanta, over defendant's objections, that the testimony implied that the address was in writing, and such writing ought to be first produced or its absence accounted for; and that the testimony did not show any definite address. Also, that the court erred in charging, that if plaintiff left with defendant a definite address in Atlanta where the telegram could be delivered to him, although plaintiff was not a resident of the city, he could recover, provided the other points necessary to his case, shown by the statute, had been proved to the satisfaction of the jury.

BIGBY, REED & BERRY, for plaintiff in error.

A. A. MURPHEY and F. A. ARNOLD, contra.

BLECKLEY, Chief Justice.

1. We can see nothing in the telegraph company penalty act of October 22d, 1887, which gives color to the theory that a non-resident of a city makes himself a resident within the meaning of the proviso to the second section of the act, by giving to the company an address within the city at which he can be found temporarily. Since this case arose, delivery to non-residents whose address may be furnished by the senders of dispatches has been provided for by the act of December 20th, 1892. (Pamph. p. 96.)

2. The second section of the act of 1887 deals exclusively with the duty of delivery to residents of cities and towns and to persons residing elsewhere within a limit of one mile from the telegraph office, the language of the section being as follows: " That such companies

shall deliver all dispatches to the persons to whom the same are addressed, or to their agents, on payment of any charges due for the same; provided, such persons or agents reside within one mile of the telegraphic station, or within the city or town in which such station is." The duty of delivery to other persons is embraced in the general requirement set forth in the first section of the act in this language: " That from and after the passage of this act, that every electric telegraph company with a line of wires wholly or partly in this State, and engaged in telegraphing for the public, shall during the usual office hours receive dispatches, whether from other telegraphic lines or from individuals; and on payment or tender of the usual charge according to the regulations of such company, shall transmit and deliver the same with impartiality and good faith, and with due diligence, under penalty of one hundred dollars, which penalty may be recovered by suit in a justice or other court having jurisdiction thereof, by either the sender of the dispatch, or the person to whom sent or directed, whichever may first sue; provided, that nothing herein shall be construed as impairing or in any way, modifying the right of any person to recover damages for any such breach of contract or duty by any telegraph company, and said penalty and said damages may, if the party so elect, be recovered in the same suit." The only error which the court committed in trying the present case was, in assuming as matter of law that a duty rested upon the company to deliver outside of its office to persons who furnished a definite address within the city, though they might themselves be non-residents of the city. This assumption, we think, is embraced in or underlies the charge of the court as set out in the reporter's statement. According to the evidence, there was no delay in delivering the message when it was called for at the office. The delay com-

plained of occurred before that time. The question whether due diligence in making delivery required the company to go outside of its office to deliver at the union depot, the place designated beforehand by the plaintiff, was a question of fact for the determination of the jury on the circumstances of the particular case, together with all pertinent facts including, if there had been any evidence on the subject, any right and reasonable usage of the company in dealing with messages of like kind. There should have been evidence of how the company conducted its business with respect to such messages. If it delivered them outside of its office to one customer who furnished his address within the city, it would have to do so to others under like circumstances and conditions; for the duty of observing impartiality is imposed as well as the exercise of due diligence. It is forbidden to the company to be a respecter of persons. Whether under correct instructions from the court the jury could have found on the evidence before them that there was any failure in diligence, we will not undertake to say. There was certainly not that full illumination which the case seemed to require and of which it probably admitted. The plaintiff appears to have rested his right to recover upon the assumption of legal duty which the court recognized. In making that assumption the plaintiff misconceived, and in charging conformably with it the judge misconstrued, the statute. For this reason there was error in not granting a new trial.　　　　　　*Judgment reversed.*