WESTERN UNION TELEGRAPH COMPANY v. M. C. HARVEY.

No. 13,218. ( 74 Pac. 250.)

SYLLABUS BY THE COURT.

1. TELEGRAPH COMPANY—*Delivery of Message.* In the absence of an understanding, agreement or custom that a telegraph company shall deliver a message at a place several miles beyond the town to which it is addressed, the extent of the contract of the company is the prompt transmission and a diligent effort to deliver the message in the town to which it is addressed.'

2. ——— *Not a Question for Jury.* The submission of the question to the jury as to the duty of the telegraph company in certain cases to deliver messages beyond the free-delivery limits of the city wherein no such limits exist, and where the point to which it was contended the message should have been delivered was two miles beyond the place to which it was addressed, was misleading and erroneous.

Error from Leavenworth district court ; J. H. GILL-PATRICK, judge. Opinion filed November 7, 1903. Reversed.

*George H. Fearons, Atwood & Hooper,* and *Karnes, New & Krauthoff,* for plaintiff in error.

*F. P. Fitzwilliam,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: M. C. Harvey, who resided near Wallula and owned a ranch near Pomona, sent the following telegraphic message by the Western Union Telegraph Company to his foreman, C. W. Higgins:

"Dec. 3d, 1897.

"*C. W. Higgins, Pomona, Ks.:*

"Order cars and ship three loads Monday night. See letter. M. C. HARVEY."

The message was written on a blank piece of paper and not on the ordinary telegraph blanks containing printed rules and limitations. The charge for sending the message from Wallula to Pomona was twenty-five cents and was paid by the sender. The telegram was transmitted to Pomona, and Higgins not being at that place it was placed in the postoffice, addressed to him. He was not at Pomona, but resided on the Harvey ranch two miles from Pomona. The message was not received by him for some time, and it is alleged that the failure to deliver it delayed the shipment of cattle to market about twenty-four hours, resulting in a loss and damage to Harvey for the recovery of which this action is brought.

Harvey alleged in his pleading that he had been engaged for a long time prior to the date of the message in feeding and shipping cattle from his ranch near the city of Pomona, and that the ranch had been Higgins's usual place of residence for a long time prior to the time of sending the message. It was further alleged that it had been the custom of the telegraph

company, for hire and pay, to receive messages from Harvey, at Wallula, and transmit them to Higgins on the ranch.   It appears that the message was not delivered by Harvey himself, at Wallula, nor was any arrangement made by him nor any guaranty given of the expenses for delivering the message at any place beyond Pomona.   In charging the jury the court, among other things, stated :

"Where the company accepts a message for delivery outside of its free-delivery limits, without demanding extra compensation for its delivery, it cannot avoid liability for delay in delivering the same because such extra compensation has not been paid, unless reasonable efforts be made to advise the sender of the failure to deliver under the circumstances."

No instruction was given with respect to a custom of the company to deliver messages beyond the limits of Pomona, and the testimony in the case hardly warranted the giving of such an instruction or the submission of that question to the jury.   The trial resulted in a verdict and judgment in favor of Harvey, and the company is here insisting that the testimony did not warrant the submission of the case to the jury on the theory upon which it was submitted, nor the verdict that was returned.

In the absence of a custom, understanding or agreement that the messages to Pomona should be delivered outside of Pomona, the extent of the contract of the company was the prompt transmission and delivery of the message received at that place.   The telegram was addressed to Pomona and not to Harvey's ranch, a place distinct and distant from Pomona.   Ordinarily, the measure of the duty of the telegraph company in respect to delivery is a diligent effort to deliver a message to the place to which it is sent and within the free-delivery limits of the place, if such limits ex-

ist. Usually the failure to prepay or to arrange for delivery beyond the free-delivery limits will excuse non-delivery outside those limits. This case does not fall within the rules applicable to the delivery of telegrams within a city in which free-delivery limits are established. Pomona is a small city and has no such limits. There might have been room for the application of the instruction given by the court if Higgins had lived outside the free-delivery limits, but inside a city to which the message was addressed. Cases may be readily found holding that a telegraph company will not be exonerated for the non-delivery of a message where the addressee resides beyond the free-delivery limits, but within the city, where the sender did not know that the addressee was outside the limits, and was not notified by the company that an extra payment would be required, nor when prepayment of an extra charge is made or tendered for a special delivery which the company did not make. As Higgins did not live within the city of Pomona, the rule of these cases does not apply and the instruction given by the court, attempting to apply such rule to this case, was necessarily misleading. It left the jury to infer that it was the duty of the company, in certain contingencies, to deliver the message sent to Higgins outside the place to which it was sent.

Our attention is called to *Western Union Tel. Co. v. Hargrove,* 14 Tex. Civ. App. 79, 36 S. W. 1077, where a telegraph company was held liable for failure to deliver a message which it had received to be delivered three miles beyond Smithfield. The company had no office at Smithfield and therefore did not deliver the message. In that case, however, the company accepted the message and undertook to deliver it. But, more than that, the sender paid the usual charge for

the transmission of the message and the sum of $2.50 for special delivery of the same to the point three miles from Smithfield.    There was a specific contract to deliver the message to the addressee at her residence in the country, and the decision went no further than to hold the telegraph company to a strict performance of that contract.    In a later decision from the same state it was held that where a telegraph company received and contracted to deliver a message with reasonable diligence to the addressee at a certain town, and charges were not paid or guaranteed for delivering it elsewhere, the company was under no obligation to deliver the message at his home several miles from such town.    ( *Western Union Tel. Co. v. Swearingen,* 95 Tex. 420, 67 S. W. 767.)

It is unnecessary to consider the effect of a pre-payment or guaranty of the payment for special delivery, as in this case neither was made by Harvey.

As to the matter of a custom on the part of the company to deliver telegrams sent by Harvey to Pomona at the ranch, an effort was made to show by a witness that he had taken telegrams from the office and delivered them to Higgins at the Harvey ranch.    He stated that he had taken telegrams to that place, but upon further inquiry it was developed that the telegrams he referred to were taken after the message in question was received.    The court, too, recognizing a lack of testimony to establish a custom, did not present that issue to the jury, and hence the question is not fairly before us for consideration.

For the error mentioned, however, the judgment must be reversed, and the cause remanded for further proceedings.

All the Justices concurring.