WESTERN UNION TELEGRAPH COMPANY *v*. SEFRIT.

[No. 5,819.   Filed October 3, 1906.]

1.  TELEGRAPHS AND TELEPHONES.—*Messages.*—*Delivery.*—*Negligence.*—*Penalties.*—*Statutes.*—The negligent failure to deliver a telegraphic message renders a telegraph company liable for the payment of the penalty provided by the act of 1885 (Acts 1885, p. 151, §3, §5512 Burns 1901). *Western Union Tel. Co.* v. *Braxtan*, 165 Ind. 165, followed.   p. 567.

2.  SAME.—*Negligence.*—*Discrimination.*—*Statutes.*—A failure to deliver a dispatch as required by the act of 1852 (1 R. S. 1852, p. 481, §3, §5514 Burns 1901, §4178 R. S. 1881), providing that messages shall be delivered by messenger to persons residing within one mile of the station, upon payment of charges, is a failure to "transmit" such message as required by the act of 1885 (Acts 1885, p. 151, §1, §5511 Burns 1901), providing that messages shall be transmitted with impartiality. *Reese* v. *Western Union Tel. Co.*, 123 Ind. 294, followed.   p. 567.

3.  SAME. — *Messages.*—*Delivery.*—*Restrictions Upon.*—*Statutes.* —Telegraph companies are required by statute (§§5514 Burns 1901, §4178 R. S. 1881, 1 R. S. 1852, p. 481, §3) to deliver, by messenger, messages to persons who live within one mile of the station or within the town or city where the station is located.   p. 568.

4.  SAME. — *Messages.* — *Delivery.*—*Statutes.*—Telegraph companies are required by the act of 1885 (Acts 1885, p. 151, §§1, 3, §§5511, 5512 Burns 1901) to deliver all messages which they undertake to transmit.   p. 569.

5.  STATUTES.—*In Pari Materia.*—*Construction.*—Statutes upon the same subject, passed at different times, are to be construed *in pari materia,* the latest to control in cases of conflict.  p. 569.

6.  TELEGRAPHS AND TELEPHONES.—*Messages.*—*Delivery.*—*Transients.*—*Statutes.*—The act of 1852 (1 R. S. 1852, p. 481, §3, §5514 Burns 1901, §4178 R. S. 1881) does not relieve a telegraph company from delivering a dispatch to a transient on an approaching train, when the message was addressed in care of such train's conductor, whom the operator knew and to whom he had ample opportunity to deliver such message.  p. 569.

7.  SAME. — *Messages.* — *Failure to Deliver.* — *Discrimination.*— *Penalties.*—A telegraph company which negligently fails to deliver a message to a transient on an approaching train, such message being addressed in care of the conductor thereof who was well known to the operator and to whom there was opportunity to deliver, is liable for the penalty provided under either the act of 1852 (1 R. S. 1852, p. 481, §§2, 3, §§5513, 5514 Burns 1901), providing for delivery· of messages to persons residing within one mile of the station, or the act of 1885 (Acts. 1885, p. 151, §§1, 3, §§5511, 5512 Burns 1901), providing against discrimination.  p. 570.

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by Charles G. Sefrit against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Chambers, Pickens, Moores & Davidson* and *George H. Fearons,* for appellant.

*Gardiner, Gardiner & Slimp,* for appellee.

COMSTOCK, P. J.—Appellee recovered judgment against appellant in the Daviess Circuit Court for $100, the penalty prescribed by the act of April 8, 1885, entitled "An act prescribing certain duties of telegraph and telephone companies, prohibiting discrimination between patrons," etc. Acts 1885, p. 151.

On August 26, 1904, plaintiff delivered to the defendant, at its office in Plainfield, a dispatch addressed to Lucian W. Wilder, care of conductor, Evansville & Indianapolis train No. 34, Petersburg, Indiana. ,The dispatch was transmitted at once. Upon receipt at Petersburg, the point of des-

tination, it was copied, enclosed in an envelope, and addressed to addressee, in care of said conductor, but through negligence was not delivered. Defendant's agent at Petersburg, after the dispatch reached said place on the same day, transacted business with said conductor at a time when he could have delivered the dispatch.

A demurrer to the complaint was overruled, and the cause put at issue by general denial. The court made a special finding of facts and stated conclusions of law thereon, to which conclusions appellee excepted. In support of the appeal, appellant presents three points or propositions: (1) Having found the telegraph company negligent in its omission to deliver the dispatch, the court erred in its conclusion that the plaintiff was entitled to recover from the defendant the statutory penalty. A penalty may not be recovered for negligence. (2) Having found that the dispatch was transmitted to the point of destination without delay, but that the omission lay in the failure to deliver the dispatch to the addressee at the point of destination, the court erred in its conclusion of law, and the plaintiff was not entitled to recover the statutory penalty. Transmission under the penal section of the statute does not mean delivery. (3) The penalty is not recoverable where the addressee of the dispatch or his agent or the person in whose care the dispatch is addressed resides neither within one mile of the station to which the dispatch is addressed, nor within the town or city within which said station is.

The first and second of these points are decided adversely to appellant's claim in *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165.

As to the third proposition, so much of the act of 1885, *supra,* as is pertinent, is as follows: "Every telegraph company with a line of wires wholly or partly within this State, and engaged in doing a general telegraphic business, shall during the usual office hours receive

dispatches, whether from other telegraph lines or other companies, or individuals, and shall, upon the usual terms, transmit the same with impartiality and in good faith, and in the order of time in which they are received, and shall in no manner discriminate in rates charged, or words or figures charged for or manner or conditions of service between any of its patrons, but shall serve individuals," etc. Acts 1885, p. 151, §1, §5511 Burns 1901.

The Supreme Court in *Reese* v. *Western Union Tel. Co.* (1890), 123 Ind. 294, 7 L. R. A. 583, has held that a failure to deliver a dispatch in accordance with the requirements of section three of the act of 1852 (1 R. S. 1852, p. 481, §5514 Burns 1901, §4178 R. S. 1881) is a failure to transmit under the provisions of the act of 1885, *supra,* and renders the telegraph company thus guilty liable for the statutory penalty. Said section three is as follows: "Such companies shall deliver all dispatches, by a messenger, to the person, to whom the same are addressed, or to their agents, on payment of any charges due for the same: Provided, such persons or agents reside within one mile of the telegraphic station or within the city or town in which such station is."

There is nothing in the act of 1885, *supra,* regulating the distance or prescribing the limits within which telegraph companies shall deliver messages. Section three, *supra,* relates solely to the duties of telegraph companies as to the manner of delivering—"by messenger"—dispatches to addressees who reside, or whose agent resides, within the prescribed limits. The section relieves the company from delivery, by messenger, of telegrams to persons not residing within one mile of the telegraphic station or within the city or town within which said station is located.

The act of 1885 requires the delivery of all dispatches which the company undertakes to transmit. It is a rule

of construction that a statute should be construed
4. as a whole so as most reasonably to accomplish its
purpose. All consistent statutes which can stand
together, though enacted at different times, relating to the
same subject, are called statutes *in pari materia,* and
5. treated prospectively and construed together as
though they constituted one act. They are made to
operate, as far as possible, consistently with the evident intent of the latest enactment. 2 Lewis's Sutherland, Stat.
Const. (2d ed.), §443, and cases cited in foot notes.

The intention of the legislature, manifest in both acts,
was to secure the prompt and impartial delivery of messages. The provision of the act of 1852, *supra,* was
6. to relieve the telegraph company from the possible
task of an unaided and perhaps fruitless search for
an addressee, a stranger, through a wide territory. It could
not have been the purpose to excuse the telegraph company
from the discharge of its simple duty when it could perform
it with but slight, if any, inconvenience.

The office of appellant was in the depot of said Evansville & Indianapolis Railroad Company, where said Evansville & Indianapolis train No. 34 regularly stopped, and
where it stopped on said day. Appellant's agent Webb,
and conductor Smith, of said train, were well acquainted
and had been for a long time prior to August 26, 1904;
and said Webb knew at that time that said train was
designated as Evansville & Indianapolis train No. 34, and
that said conductor and said addressee were acquainted with
each other; and upon the arrival of said train said appellant's agent conversed and transacted business with
said conductor, while said train was stopping at
said station, but wholly failed to deliver said dispatch to
him. Appellant cites two cases: *Western Union Tel. Co.
v. Timmons* (1893), 93 Ga. 345, 20 S. E. 649; *Moore v.
Western Union Tel. Co.* (1890), 87 Ga. 613, 13 S. E. 639.

Both cases are based upon a statute imposing a penalty

upon telegraph companies for failure to deliver messages to persons to whom they were addressed, who at the time resided within one mile of the telegraph office, or within the town or city within which the office is located. No other statute is referred to. In each case the court held that the nonresident could not recover. In the last-named case the plaintiff was a transient visitor. In the course of the opinion the court says: "If, after notifying the operator that he [the plaintiff] would be in Knoxville, and to send the message to him there, he had given him a definite address, such as a given street and number or the name of the owner of a particular house where the message should be delivered, perhaps he would have come within the spirit of the law, if not the letter of it." The facts bring the case before us within the spirit of the act of 1852, supra.

This message was not one to be delivered to a stranger. It appears from the findings that since the message was delivered by the plaintiff to the defendant for delivery to the addressee, the defendant has received, transmitted and delivered other telegraph messages to other addressees at said town of Petersburg, some of whom resided within said town and within one mile of the telegraph station situated therein. The findings show that defendant was not free from impartiality, and was wholly lacking in diligence, and under either statute the company is liable.

Judgment affirmed.