## WESTERN UNION TELEGRAPH COMPANY *v.* KLITZKE ET AL.

[No. 6,502. Filed October 14, 1909. Rehearing denied March 11, 1910.]

1. TELEGRAPHS AND TELEPHONES.— *Statutes.— Penalties.— Complaint.*—Under §5783 Burns 1908, §4178 R. S. 1881, providing that telegraph companies, under penalty, shall deliver all messages, if the addressee lives "within one mile of the telegraphic station or within the city or town in which such station is," a complaint to recover such penalty must allege that such addressee lives within one mile of the defendant's office, or within the city or town. p. 552.

2. TELEGRAPHS AND TELEPHONES.— *Contracts.— Penalties.—* Telegraph companies may lawfully contract to deliver messages at a greater distance from their offices than those prescribed by §5783 Burns 1908, §4178 R. S. 1881, and for a failure to deliver such messages the statutory penalty attaches. p. 553.

3. TELEGRAPHS AND TELEPHONES.—*Penalties.—Statutes.*—The penalty provision of the act of 1885 (Acts 1885, p. 151, §3) applies to the statute requiring certain messages to be delivered (§5783 Burns 1908, §4178 R. S. 1881). p. 553.

4. TELEGRAPHS AND TELEPHONES.—*Delivery of Messages.*—A telegraph company cannot be compelled to deliver a message, into the country, three miles from its office, unless it contracts to do so. p. 553.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by Louis Klitzke and others against the Western Union Telegraph Company. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*Pickens, Moores, Davidson & Pickens, George H. Fearons* and *Virgil S. Reiter,* for appellant.

*Stinson Bros.,* for appellees.

WATSON, J.—Appellees, as partners under the firm name of Klitzke Bros., commenced this action against appellant, to recover the statutory penalty prescribed by §§5780, 5781 Burns 1908, Acts 1885, p. 151, §§1, 3, and for damages which were claimed to have grown out of the failure of appellant to deliver the following telegram sent by appellees:

"Hammond, Indiana, January, 1906.
Miss Julia Ludwig,
    Saint John, Indiana.
    Will take that milk at once, starting to-morrow. Answer, our expense.        Klitzke Bros."

The complaint, in part, is as follows: Plaintiffs further aver that at the time said dispatch was so received by defendant company at said city of Hammond, and at the time plaintiffs so paid said defendant for transmitting said dispatch as aforesaid, and for three years prior to said time, Miss Julia Ludwig resided in the country near the town or village of Saint John, Lake county, State of Indiana; that, on account of the nondelivery of the telegram, these plaintiffs were damaged in the sum of $25; that, by reason of the delay and neglect, said defendant has violated its statutory duty and has incurred the statutory penalty of $100, and, by reason thereof, the plaintiffs have been damaged in the sum of $125, and are entitled to recover the sum of $125." To this complaint appellant filed its answer in two paragraphs: (1) A general denial, and (2) affirmatively alleging that the addressee lived more than one mile from the telegraph office at Saint John, and more than one mile from the corporate limits of said town.

In reply to the second paragraph of answer the appellees filed their answer in general denial. Upon the trial a verdict for $109 was returned in favor of appellees. The court

overruled appellant's motion for a new trial, and rendered judgment on the verdict, from which judgment this appeal is prosecuted.

The errors assigned are: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) The Lake Superior Court erred in overruling defendant's motion to instruct the jury to return a verdict for defendant; (3) The Lake Superior Court erred in overruling dedefendant's motion for a new trial.

Two of the reasons assigned for a new trial are that the verdict is not sustained by sufficient evidence and that it is contrary to law.

The complaint discloses the fact that the addressee of the message, which is the subject of this controversy, lived in the country outside of the town of Saint John, where the telegraph office was located, which was the terminal office.

Section 5783 Burns 1908, §4178 R. S. 1881, is as follows: "Such companies shall deliver all dispatches, by a messenger, to the persons to whom the same are addressed, or to their agents on payment of any charges due for the same: Provided, such persons or agents reside within one mile of the telegraphic station or within the city or town in which such station is."

The complaint does not aver that the addressee lived within one mile of the telegraph office or the limits of the town of Saint John. It does aver, however, that she 1. resided near the town. "Near" is a relative term, and its precise import can only be determined by the surrounding facts and circumstances in the case in which it is used. The averment therefore does not meet the requirements of the statute. Under the foregoing section it is necessary to aver that the addressee lived within one mile of the telegraph office, or within the corporate limits of the town. *Reese* v. *Western Union Tel. Co.* (1890), 123 Ind. 294, 298, 299, 7 L. R. A. 583; *Moore* v. *Western Union Tel. Co.* (1891),

87 Ga. 613, 13 S. E. 639. The appellant sent the message subject to the terms on the back thereof, which are as follows:

> "All messages taken by this company are subject to the following terms: . * * * Messages will be delivered free within the established free delivery limits of the terminal office. For delivery at a greater distance, a special charge will be made to cover the cost of such delivery."

This was a part of the contract, and is added to the statute, before quoted, governing the delivery of dispatches, which is incorporated into and made a part of the contract.

2. There can be no statutory penalty liability for failure to deliver a message to an addressee when he resides beyond the limits prescribed by statute, unless there be a special provision made by the sender for such delivery. *Reese* v. *Western Union Tel. Co., supra; Western Union Tel. Co.* v. *Harvey* (1903), 67 Kan. 729, 74 Pac. 250; *Moore* v. *Western Union Tel. Co., supra.*

That the penalty statute (§5781, *supra*) is applicable to the statutes of 1852 (§5783, *supra*) has been so declared by the Supreme Court and this court, and they must

3. necessarily be construed together, so that it is unnecessary further to comment on this question. *Reese* v. *Western Union Tel. Co., supra; Western Union Tel. Co.* v. *Sefrit* (1906), 38 Ind. App. 565.

Upon the trial of this cause it was shown without contradiction that the addressee lived three miles distant from the terminal office and the town limits of Saint John, and

4. hence there could be no recovery of the statutory penalty, since it was not shown that arrangements had been made to pay the extra charge for the delivery of the telegram the extra distance beyond the statutory limits. On the contrary, it was admitted that no such arrangements had been provided for. With the views that we have herein expressed with reference to this complaint, it is unnecessary to consider further errors assigned.

The judgment is reversed, and the cause is therefore remanded to the trial court, with instructions to sustain the motion for a new trial and for further proceedings not inconsistent with this opinion.